UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SOPHIA QURESHI,

       Plaintiff,

  -against-

COSTCO WHOLESALE CORPORATION,

       Defendant.

MEMORANDUM & ORDER
20-CV-04086 (NGG) (PK)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Sophia Qureshi brings this action after sustaining injuries during a visit to a Costco store in Staten Island, New York, last year. She alleges that she was struck by a machine collecting shopping carts that was being operated negligently on a pedestrian ramp. Because Qureshi and her sister were the only witnesses to the events, she contends that there are no material facts in dispute and that she is entitled to summary judgment as a matter of law. For the reasons that follow, Plaintiff's motion for summary judgment is DENIED.

I. FACTUAL BACKGROUND

The court constructs the following statement of facts from the parties' Local Rule 56.1 Statements and the other admissible evidence submitted. (*See* Pl.'s Rule 56.1 Statement ("Pl.'s 56.1") (Dkt. 46-1); Def.'s Resp. to Pl.'s Rule 56.1 Statement of Material Facts ("Def.'s 56.1") (Dkt. 48-1).) Except where otherwise noted, the following facts are undisputed. Where the parties allege different facts, the court notes the dispute and credits Costco, as the non-moving party, if its assertion is supported by evidence in the record. All evidence is construed in the light most favorable to the non-moving party with all "reasonable inferences" drawn in

its favor. *ING Bank N.V. v. M/V Temara, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018).[1]

Plaintiff Sophia Qureshi alleges that she was injured while entering a Costco store in New York on June 9, 2020. (Compl. (Dkt 1.) ¶¶ 8-11, 22-25.) Walking along a pedestrian ramp, she alleges that an employee operating a "stacking robot" – a small, motorized vehicle that collects shopping carts from around the parking lot and pushes them back to the store – negligently steered it up the ramp she was on, causing her to trip and fall. (*Id.* ¶¶ 14-24.) As a result, Qureshi alleges that she "suffered serious and painful injuries and disability." (*Id.* ¶ 25.) Qureshi seeks to impute liability to Costco on the basis of *respondeat superior*. (*Id.* ¶ 30.)[2]

The only apparent witnesses to the events were Sophia Qureshi and her sister, Ali Qureshi. Sophia Qureshi alleges that a moving cart machine stacked with four carts collided with her on the ramp, causing her to trip and fall. (Dep. Tr. of Sophia Qureshi (Dkt. 47-8) at 89:8-13, 98:4-20.) Ali Qureshi testified that she saw a Costco employee move a cart machine up the ramp toward her sister; that she saw the machine had several carts attached to it; and that she watched her sister fall, but she could not see precisely what caused the fall. (Dep. Tr. of Ali Qureshi (Dkt. 47-11) at 24:4-21, 27:4-15, 35:2-12.) Costco acknowledges that it is "unaware of any eyewitnesses" and is "unaware of anyone having knowledge of any relevant facts." (Def.'s Suppl. Resp. to Pl.'s First Set of Interogs. (Dkt. 47-3) at ECF pp. 1-2.)

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

[2] Plaintiff styles its *respondeat superior* and *res ipsa loquitor* arguments as two "independent bases" of liability. (Pl.'s Mot. for Summ. J. ("Mot.") (Dkt. 46) at 2.) The court agrees with Costco that *res ipsa* is a doctrine merely permitting the factfinder to infer negligence from the circumstances, not its own free-standing theory of liability. In any case, the question does not bear on the disposition of Plaintiff's motion.

Costco denies negligence and contends that Qureshi herself was contributorily negligent. (Ans. (Dkt. 9.) at ECF pp. 2.) It argues, in essence, that Qureshi tripped due to her own carelessness, possibly inattentive because she was carrying a large pot that she was returning to the store. (Def.'s Req. for Admis. (Dkt. 49) at ECF p. 7 ¶¶ 1-4.) Though the sisters' testimony is not directly contradicted by other witnesses, Costco seeks to undermine it with testimony from its employees to the effect that the store's rules prohibit moving a stacked cart machine (*i.e.*, a machine loaded with at least two carts, because one is permanently attached) up the ramp; that employees are trained to comply with those rules; that certain employees had not seen the rules violated; that it would not have made sense for an attendant to push carts in the direction of Qureshi on the ramp, which would have been away from the store; that the ramp would not have been wide enough to permit a machine stacked with carts to make turns on it; and that the report of the EMTs treating Qureshi never mentioned a cart machine. (Def.'s 56.1 ¶¶ 10, 12, 13, 14, 17.) It contends that Costco employees are permitted to steer an empty cart machine up the ramp, but not one stacked with two or more carts. (Decl. of Christopher Binns (Dkt. 49) at ECF pp. 4-5, ¶¶ 6, 9.) Costco admits that "it would be unsafe for a Costco cart attendant to operate a cart machine with carts attached on the ramp." (Def.'s 56.1 ¶ 9.) But because Costco denies that a cart machine stacked with carts was on the ramp, and denies that Qureshi tripped over the machine, it claims that she has neither made out a prima facie case of negligence nor eliminated all questions of triable fact. (*Id.* ¶¶ 12-14; Def.'s Opp. to Mot. for Summ. J. ("Opp.") (Dkt. 48) at 1-8.)

This court has jurisdiction given the diversity of the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. The parties do not dispute that New York state tort law applies.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must grant summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Under New York law, "[t]o sustain a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." *King v. Crossland Sav. Bank*, 111 F.3d 251, 259 (2d Cir. 1997).

### B. Discussion

On this motion, the issue is whether Qureshi (as movant) has shown that the facts are beyond dispute and that she is entitled to judgment as a matter of law. The difficulty for Qureshi is that, under New York tort law, issues of breach and causation are ordinarily questions of fact for the jury. *See Czochanski v. Tishman Speyer Props., Ltd.*, 45 F. App'x 45, 46 (2d Cir. 2002) ("Under New York tort law, whether a dangerous or defective condition exists so as to create liability in negligence depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury."); *Badilla v. Midwest Air Traffic Control Serv., Inc.*, 8 F.4th 105, 135 (2d Cir. 2021) (whether a breach of a duty is the proximate cause of an injury is "ordinarily a question of fact for a jury"). It is only the rare negligence case that can

be decided on summary judgment. *See King,* 111 F.3d at 259 ("We agree with the district court that summary judgment is highly unusual in a negligence action where the assessment of reasonableness generally is a factual question to be addressed by the jury.").

At the very least, it is clear in this case that the parties dispute the ultimate factual questions of breach and causation, essential elements of Qureshi's claim. Costco maintains, first, that a cart machine may not have even been involved in the accident, in which case no breach occurred. Second, it claims that even if a cart machine was involved, its dangerous use did not cause Qureshi's injury – rather, her own contributory negligence did. Moreover, there are numerous triable issues of fact that the jury must decide to arrive at a conclusion one way or the other, including: whether a cart machine was on the ramp; how many carts the machine had attached to it; whether the Costco employee's operation of the machine was sufficiently dangerous as to breach Costco's duty of care to Qureshi; and whether Qureshi was sufficiently contributorily negligent (if at all) so as to be the proximate cause of her own injuries. In short, much depends on Qureshi's own testimony, and the parties have conflicting narratives of what happened. But "credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *McClellan v. Smith,* 439 F.3d 137, 144 (2d Cir. 2006).

It is true that a "mere existence of a scintilla of evidence" in favor of Costco cannot be sufficient to defeat summary judgment, and a non-movant may not rely simply on "speculation to support its claims." *Anderson,* 477 U.S. at 252; *Harlen Assocs. v. Inc. Vill. of Mineola,* 273 F.3d 494, 502 (2d Cir. 2001). But where the moving party also bears the ultimate burden of persuasion at trial, it

must show "why the record is so one-sided as to rule out the prospect of the nonmovant prevailing." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed. 2021). The guiding question is whether *any* reasonable jury could find Costco's version of events to be something more than "conclusory allegations, speculation or conjecture." *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020).

The court finds that Qureshi's proffered evidence, including her and her sister's testimony, satisfies her burden of production as movant. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (Brennan, J., dissenting) ("If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial."). But Costco, in response, has more than adequately "produce[d] evidentiary materials that demonstrate the existence of a genuine issue for trial." *Id.* This is not a case in which the defendant has merely argued that "there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Rather, it has adduced testimony from employees about the relevant store policies; pointed out genuine (albeit small) contradictions in Qureshi's testimony; produced an EMT report not inconsistent with its theory of events; and demonstrated facts consistent with the possibility that Qureshi may have tripped on her own, rather than have been hit by the cart machine. It is possible – perhaps likely – that a jury will nonetheless side with Qureshi. But because there is "evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED. The parties are DIRECTED to confer with the Magistrate Judge to propose a pre-trial order.

SO ORDERED.

Dated:   Brooklyn, New York
         November 5, 2021

                                                        /s/ Nicholas G. Garaufis
                                                        NICHOLAS G. GARAUFIS
                                                        United States District Judge