UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SOPHIA QURESHI,                                     :

                Plaintiff,                         :

                                                **DECISION AND ORDER**

          -against-                             1:20-CV-4086 (PK)

COSTCO WHOLESALE CORPORATION,   :

                Defendant.                       :
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

In this personal injury action arising from an incident that occurred on June 9, 2020, both parties have filed motions *in limine* seeking to preclude certain expert testimony at trial. ("Def. Mot. in Limine," Dkt. 62; "Pl. Mot. in Limine," Dkt. 65.) For the reasons stated below, the motions are denied.

## BACKGROUND

Within the deadlines set by the Court, the parties exchanged their economic expert reports: Plaintiff produced the report of Kristin K. Kucsma and Kenneth T. Betz, dated May 17, 2021 (*see* "Kucsma and Betz Report," Ex. A to Declaration of Charen Kim ("Kim Decl."), Dkt. 66-1), and Defendant produced the report of Dr. Patrick A. Gaughan, dated June 28, 2021. (*See* "Gaughan Report," Ex. B to Kim Decl., Dkt. 66-2.) Plaintiff also timely produced the report and lifecare plan of her vocational expert, Dr. Kenneth W. Reagles, dated August 9, 2021. (*See* Defendant's Memorandum of Law in Support of Motion *in Limine* ("Def. Mem of Law") at 4-5, Dkt. 64; "Reagles Report," Ex. B to Declaration of John P. Connors, Jr. ("Connors Decl."), Dkt. 63-2.)

Plaintiff subsequently produced a supplemental report by Kucsma and Betz, which relied in part on information contained in Reagles's report; although the report is dated October 21, 2021, it

1

was produced on February 11, 2022.  (*See* "Kucsma and Betz Suppl. Report," Ex. C. to Kim Decl., Dkt. 66-3; Plaintiff's Memorandum of Law in Support of Motion *in Limine* ("Pl. Mem. of Law") at 3, Dkt. 67.)  On April 25, 2022, Defendant produced a supplemental report by Gaughan, dated April 20, 2022, in which he relied in part on information contained in the report of Defendant's vocational expert, Irene C. Mendelsohn.  ("Gaughan Suppl. Report," Ex. F to Kim Decl., Dkt. 66-6; *see* Ex. G to Kim Decl., Dkt. 66-7.)

On April 27, 2022, Reagles prepared an Addendum to his report.  ("Reagles Addendum," Ex. F to Connors Decl., Dkt. 63-6.)

Defendant now seeks to preclude: (1) Reagles's lifecare plan and testimony; and (2) Kucsma and Betz's report and testimony related to it.  (Def. Mot. in Limine.)

Plaintiff seeks to preclude Gaughan's supplemental report and testimony related to it.  (Pl. Mot. in Limine.)

## **DISCUSSION**

Federal Rule of Evidence 702 provides that for expert testimony to be admissible, it must "pertain to 'scientific knowledge'" and must be relevant.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-91 (1993); *see* Fed. R. Evid. 702.  The Court conducts "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."  *Daubert*, 509 U.S. at 592-93.  "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate."  *Id.* at 595.

Federal Rule of Civil Procedure 26(a)(2)(E) requires parties to supplement expert disclosures when required under Rule 26(e).  Rule 26(e)(2) states, *inter alia*, that a party's duty to supplement an expert's report "extends both to information included in the report and to information given during the expert's deposition."  Fed. R. Civ. P. 26(e)(2).

I. **Defendant's Motion** *in Limine*

Defendant moves to preclude Reagles from testifying with regard to his lifecare plan or introducing the plan in evidence, arguing that Reagles's methodology is inconsistent with the requirements set forth in *Daubert*, 509 U.S. 579. (Def. Mem. of Law at 5.) Specifically, Defendant contends that Reagles's findings with respect to Plaintiff's future medical costs are "entirely speculative and lacking in medical foundation" because he is not a medical doctor, has never worked for a healthcare facility conducting future medical planning for patients, never spoke to Plaintiff's doctors and did not conduct an in-person evaluation of Plaintiff. (*Id.* at 5, 6, 8.)

As Defendant acknowledges, courts in this circuit have admitted the expert testimony of lifecare planners whose findings are based on those of treating medical providers. (*Id.* at 8); *see, e.g.*, *Munn v. Hotchkiss Sch.*, 24 F. Supp. 3d 155, 207-08 (D. Conn. 2014) (finding no error in admitting expert testimony of lifecare planner who relied on physiatrist's opinions even if those opinions were inadmissible hearsay); *Tardif v. City of N.Y.*, No. 13-CV-4056 (KMW), 2022 WL 2195332, at *9 (S.D.N.Y. June 17, 2022) (finding that whether expert relied sufficiently on the treating physician in creating lifecare plan affects weight not admissibility of expert's testimony); *March v. United States*, No. 17-CV-2028 (VAB), 2021 WL 848723, at *5 (D. Conn. Mar. 5, 2021) (based on undisputed testimony at trial, finding lifecare planner's reliance on medical records, client's statements, and review of the report by the physician comported with the standard of practice in expert's field). Despite Defendant's argument that Plaintiff's physicians did not review or endorse Reagles's report (Def. Mem. of Law at 13), Defendant has not demonstrated that Reagles's methodology was unfounded or inconsistent with the standards of practice in the field.

Defendant also argues that Reagles's report "goes far beyond the scope of" Plaintiff's physicians' findings (*id.* at 9) and that Reagles's report is inconsistent with evidence in the record,

3

including that Plaintiff's orthopedist never found that Plaintiff was incapable of working and that Plaintiff was terminated for reasons unrelated to her injury. (*Id.* at 5.)

While it is true that Plaintiff's orthopedic surgeon did not state that Plaintiff was incapable of working, he did state that Plaintiff had sustained injuries as a result of the accident, which Reagles reasonably concluded could affect her ability to work. (*See, e.g.*, Reagles Report at 6-7 (quoting Plaintiff's orthopedist's findings that "[a]ll of her movements seem to be limited by pain and the fear of pain" and "I am concerned that any surgery would not be able to correct her problems"); Reagles Addendum at 2 (quoting Plaintiff's orthopedist's findings that Plaintiff "was unable to make a full fist," "her right distal radius and ulnar fractures were the result of the accident sustained on June 9, 2020," and "[t]he position of the bone of her distal radius is permanent and will not improve over time" (quoting "Dr. Nader Paksima's Narrative Report," at 4-5 (ECF pagination), Ex C. to Connors Decl., Dkt. 63-3)); *see also* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion *in Limine* at 5 (ECF pagination), Dkt. 70.)

Additionally, Reagles does not conclude that Plaintiff will be unable to work, but instead examines two possible alternative scenarios relating to her ability to work: first, that Plaintiff may be able to return to the labor market on a part time basis, and second, that Plaintiff may not be able to return to the labor market in any capacity. (*See* Reagles Report at 16; Reagles Addendum at 3.) Reagles's conclusions are grounded in assumptions and inferences based on facts provided by others. While Defendant may explore on cross-examination whether the facts underlying those assumptions are correct and the inferences are appropriate, those challenges do not render Reagles's analysis inadmissible. *See Munn*, 24 F. Supp. 3d at 208 (noting that lifecare planner "certainly assumed" that

physician he relied on was correct, and that incorrect assumptions provided counsel with an opportunity for cross-examination but did not render analysis inadmissible).[1]

Defendant's basis for precluding the testimony and supplemental report of Kucsma and Betz is that they "rely upon Dr. Reagles' findings in reaching their opinions on [P]laintiff's economic losses . . . ." (Def. Mem. of Law at 5, 13-15.)  Because Reagles's testimony regarding the lifecare plan is admissible, I find no basis to preclude Kucsma and Betz's supplemental report and testimony related to it.[2]

## II.  Plaintiff's Motion *in Limine*

Plaintiff moves to preclude Defendant's economist expert Gaughan "from testifying as to the new opinions contained in his report dated April 20, 2022." (Pl. Mem. of Law at 2.)  Plaintiff argues that Gaughan's supplemental report contains "a new surprise opinion" by Defendant's vocational expert, Mendelsohn, as well as new theories and concepts that were not addressed in his initial report and are not responsive to Plaintiff's economists' supplemental report.  (*Id.* at 3-5, 7-8.)  Specifically, Plaintiff asserts that Gaughan's supplemental report addresses Plaintiff's potential limited employment loss, potential future costs of care, and an opinion by "Ms. Mendelsohn regarding post-accident employability and expected earnings, none of which were presented in Dr. Gaughan's original report." (*Id.* at 5.)

---

[1] Defendant further challenges Reagles's lifecare plan because he referred to it as "a draft" during his deposition on October 6, 2021.  (Def. Mem. of Law at 7 (citation omitted), 13).  However, he explained that he called it a draft because "the content of it is dependent on the medical opinions of the physicians that are called to testify." (*Id.* (quoting Reagles Deposition Transcript 55:14-16, Ex. A to Connors Decl., Dkt. 63-1).) Adding the contingency that testimony adduced at trial may affect his conclusion does not render the methodology used unreliable.  *See, e.g.*, *Tardif*, 2022 WL 2195332, at *11 (finding that even if expert's report is a "cost estimate, it does not explain why lifecare planning methodology is not a reliable basis for estimating costs," and noting that other courts have admitted cost estimates by lifecare planners).

[2] Defendant's arguments for preclusion are inapplicable to Kucsma and Betz's initial report because their initial report did not rely on Reagles's findings.

5

Plaintiff cites *Coene v. 3M Co.*, 303 F.R.D. 32 (W.D.N.Y. 2014) for the proposition that "an expert report that discloses new opinions is in no way a mere supplement to a prior report" under Rule 26(e).  (Pl. Mem. of Law at 4 (quoting *Coene*, 303 F.R.D. at 42 (citation omitted)).)

While Plaintiff is correct that Gaughan's supplemental report addresses topics not addressed in his first report, including Plaintiff's potential future costs of care and post-injury ability to work (*see, e.g.*, Gaughan Suppl. Report at 9-13 (addressing Plaintiff's post-accident employability and expected earnings), 15 (addressing Plaintiff's "alleged future cost of care")), these topics were addressed for the first time by Kucsma and Betz in their supplemental report.  (*Compare* Kucsma and Betz Report at 7, *with* Kucsma and Betz Suppl. Report at 11 (adding as additional components of their analysis, "post-injury adjusted earnings in future years" and "cost of lifetime care").)  Kucsma and Betz's supplemental report tracks Reagles's analysis of two alternatives for Plaintiff's future employment—that she would be able to work part-time and that she would not be able to work at all—as well as his lifecare plan. (*See* Kucsma and Betz Suppl. Report at 18-26.)  Kucsma and Betz explicitly reference Reagles's report as one of the additional documents on which they rely in their supplemental report.  (*See id.* at 3).  It was, thus, appropriate for Gaughan in his supplemental report to respond to that new information, including by citing to Mendelsohn's report that addresses the same topics.  (*See, e.g.*, Gaughan Suppl. Report at 9, 12-13.)

Accordingly, the Court declines to preclude Gaughan's supplemental report and his testimony based on it.[3]

---

[3] Plaintiff also argues that Gaughan's supplemental report is untimely, having been provided on April 25, 2022, "almost a full year after the final deadline set by the Court."  (Pl. Mem. of Law at 2-3; *see* Minute Entry dated June 15, 2021.)  The Court had set a deadline of July 1, 2021 for Defendant's rebuttal economist expert report, with which Defendant complied.  (*See* Minute Entry dated June 15, 2021; Gaughan Report; Pl. Mem. of Law at 3.)  Plaintiff supplemented her economists' report on February 11, 2022.  (Pl. Mem. of Law at 3.)  Because Defendant then produced its economist's supplemental report in response to that supplement, it was not outside the deadline set by the Court.  Rule 26 requires that expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must

6

## CONCLUSION

Plaintiff and Defendant's respective motions *in limine* are denied. Plaintiff is permitted to elicit Reagles's testimony about his lifecare plan, and to elicit Kucsma and Betz's testimony about their supplemental report. Defendant is permitted to elicit Gaughan's testimony about his supplemental report.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   November 8, 2022
         Brooklyn, New York

---

be disclosed "within 30 days after the other party's disclosure," Fed. R. Civ. P. 26(a)(2)(D)(ii), but because the parties do not make arguments regarding this requirement, the Court does not address it.